FILED
OCT 11 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BYRON CARTER, SR., individually and as heir to the ESTATE OF BYRON CARTER, JR, and FELISHA WALLACE, individually, and as heir to the ESTATE OF BYRON CARTER, JR and TAJA BATTS as Next Friend of B.C., a Minor.<br><br>Plaintiffs,<br><br>v.<br><br>NATHAN WAGNER and THE CITY OF AUSTIN<br><br>Defendants. | §§§§§§§§§§§§§§§§§ Civil Action No. A11-CA 887 - LY |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiffs, BYRON CARTER SR., individually and as heir to the ESTATE OF BYRON CARTER JR, and FELISHA WALLACE, individually and as heir to the ESTATE OF BYRON CARTER JR, and TAJA BETTS, as Next Friend of B.C., a Minor, files this lawsuit against Defendants NATHAN WAGNER and THE CITY OF AUSTIN and would show the Court and Jury the following in support thereof:

I.  **PARTIES**

1.  Plaintiff Byron Carter Sr. is the father of Byron Carter Jr. He brings his claim in his individual capacity as a statutory wrongful death beneficiary and as an heir to the Estate of Byron Carter Jr. pursuant to Texas Civil Practices and Remedies Code §§71.002 *et. seq.* and §71.021.

2. Plaintiff Felisha Wallace is the mother of Byron Carter Jr. She brings her claim in her capacity as a statutory wrongful death beneficiary and as heir to the Estate of Byron Carter Jr. pursuant to Texas Civil Practices and Remedies Code §§71.002 *et. seq.* and §71.021.

3. Plaintiff Taja Betts is the natural mother of B.C., a minor child, who is the one-year-old child of Byron Carter Jr. She brings her claims as next friend to B.C., in his individual capacity as a wrongful death beneficiary and as heir to the Estate of Byron Carter Jr. pursuant to Texas Civil Practices and Remedies Code §§71.002 *et. seq.* and §71.021.

4. At the time of his death, Byron Carter Jr. was a citizen of the United States and resided in Austin, Travis County, Texas.

5. Defendant Nathan Wagner is an Austin Police Department officer and may be served at the Austin Police Department, 715 E. 8th Street, Austin, Texas 78701. He is being sued in his individual capacity. *Service is hereby requested at this time.*

6. Defendant the City of Austin is a municipality organized under the laws of Texas and operates the Austin Police Department ("APD"). It may be served through assistant city attorney Chris Edwards, City Hall, 301 W. 2nd Street, 4th Floor, Austin, Texas 78701. *Service is hereby requested at this time.*

## II. JURISDICTION AND VENUE

7. As this case is brought pursuant to 42 U.S.C. §1983, this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3).

8. This Court has general personal jurisdiction over Defendant Wagner as he resides in the Western District of Texas, and over the City of Austin, as it is a Texas municipality in the Western District of Texas.

Plaintiffs' Original Complaint - page 2

9. This Court has specific *in personam* jurisdiction over all Defendants because this cause arises out of conduct which caused the wrongful death of Byron Carter Jr. which occurred in Austin, Travis County, Texas, within the Western District of Texas.

10. Venue of this cause is proper in the Western District pursuant to 28 U.S.C. §1391(b) because a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred in Austin, Texas, within the Western District of Texas.

### III. BACKGROUND

#### A. Introduction

11. Byron Carter Jr. was the beloved son of Byron Carter Sr. and Felisha Wallace.

12. Byron Carter Jr. was also the loving father of B.C., a minor child (age: 1-year-old).

13. On May 30, 2011, at the age of 20, Byron Carter Jr's life was senselessly cut short when Defendant Wagner shot him repeatedly in the head and body.

14. At no time whatsoever did Byron Carter Jr. pose an imminent threat of death or serious injury to Defendant Wagner.

#### B. The Night of the Shooting

15. On May 30, 2011, Byron Carter Jr. and a juvenile friend (hereinafter, "Friend") drove the Friend's car to downtown Austin.

16. The Friend owned the car; it was not stolen.

17. Byron Carter Jr. and his Friend parked the car on East 8th Street and then proceeded to socialize with other friends in downtown Austin.

18. At approximately 11:00 pm, Byron Carter Jr. and his Friend walked back to the Friend's car and got into the car.

Plaintiffs' Original Complaint - page 3

19. Unbeknownst to Byron Carter Jr. and his Friend, they were being followed by two members of the Austin Police Department – Defendant Nathan Wagner and Jeffrey Rodriguez.

20. Byron Carter Jr. and his Friend had not committed any criminal acts and were not wanted for anything whatsoever.

21. Byron Carter Jr. and his Friend were being followed by APD officers simply because they were young, African-American males in a gentrified part of downtown Austin.

22. The Friend started the car while Byron Carter Jr. sat in the passenger seat.

22. The Friend started to slowly drive the car from the curb (it had been parallel parked with a car in front of it and a car behind it).

23. Out of nowhere, and from a dimly lit area, Defendant Wagner and Officer Rodriguez ran up to the car with their guns drawn.

24. Defendant Wagner and Officer Rodriguez did not identify themselves as police officers.

25. Instead, without any warning whatsoever, Officer Wagner opened fire into the car.

26. Defendant Wagner repeatedly shot Byron Carter Jr. in the head and the body.

26. As a result, Byron Carter Jr. died.

27. Defendant Wagner also shot the Friend several times in the body, but the Friend survived.

28. The APD subsequently arrested the Friend and charged him with assault on a police officer and related crimes.

29. However, on September 29, 2011, a Travis County Grand Jury NO BILLED the Friend and concluded he did not commit any crimes whatsoever on the night in question.

30. In sum, Byron Carter Jr. was an unarmed passenger in a car and was doing absolutely nothing wrong – and he wound up being shot repeatedly by a member of the Austin Police Department.

31. Sadly, this is not the first time a young African-American male was killed in an unjustified shooting by a member of the Austin Police Department.

32. The Austin Police Department has had several unjustified shootings against African-American males in recent years, including those against Nathaniel Sanders II, Kevin Brown and Jesse Lee Owens.

33. The number of unjustified shootings against African-American males in Austin is a systemic problem and far and way exceeds the number of shootings in other US cities of comparable size and demographic makeup.

34. Notwithstanding these alarming statistics, the City of Austin still has not addressed this systemic problem and as a result, young men like Byron Carter Jr. continue to die at the hands of APD.

35. Thus, Defendant Wagner and the City of Austin as a whole are all responsible for the death of Byron Carter Jr.. But for their conduct, Byron Carter Sr. and Felisha Wallace would still have their son – and B.C. would still have his father.

## IV. FEDERAL CAUSES OF ACTION

### A. Excessive Force Against Defendant Wagner

36. Plaintiffs incorporate by reference all of the foregoing and further allege as follows:

37. Defendant Wagner was acting under color of law as a member of the Austin Police Department at all relevant times.

38. Defendant Wagner shot Byron Carter Jr. multiple times when Byron Carter Jr. posed no imminent threat of death or serious injury to Wagner.

39. Defendant Wagner's conduct resulted in the death of Byron Carter Jr., was clearly excessive to the need and was objectively unreasonable in light of well-established law.

40. As a proximate result of Defendant Wagner's conduct, Byron Carter Jr. died and Plaintiffs suffered damages.

41. Thus, Defendant Wagner is liable to Plaintiffs under 42 U.S.C. §1983.

### B. 42 U.S.C. §1983 Claim Against The City of Austin

42. Plaintiffs incorporate by reference all of the foregoing and further allege as follows:

43. Defendant Wagner was acting under color of law as an APD officer when he violated the constitutional rights of Byron Carter Jr. and APD's policymakers ratified and approved Wagner's misconduct.

44. In addition, the City of Austin had the following policies and/or practices in effect prior to the shooting:

- Inadequate supervision of officers regarding their use of force;
- Employing excessive force against minorities;
- Employing deadly force disproportionately against minorities;
- Inadequate warning systems to discipline and/or weed out potentially dangerous officers;
- Failing to adequately investigate use of force by APD officers;
- Improperly training officers on how to approach sleeping citizens; and
- Inadequate training.

45. Each of these policies was actually known, constructively known and/or ratified by the City of Austin and its policymakers and were promulgated with deliberate indifference to Byron Carter Jr's rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution. Moreover, the known and obvious consequence of these policies was that APD officers would be placed in recurring situations in which the constitutional violations described within this complaint would result. Accordingly, these policies also made it highly predictable that the particular violations alleged here would result.

46. Moreover, such policies/practices were the moving force of Byron Carter Jr.'s death and the constitutional injuries he suffered. Accordingly, the City of Austin is liable under 42 U.S.C. §1983 to Plaintiffs for their damages.

## V.     CLAIM FOR DAMAGES

47. The actions and omissions of Defendants deprived Byron Carter Jr. of his civil rights under the United States Constitution. Moreover, these acts and omissions by Defendants, their agents, employees, and/or representatives, proximately caused and/or were the moving force of the injuries and damages to Plaintiffs and proximately caused and/or were the moving force of the wrongful death of Byron Carter Jr.. Accordingly, Plaintiffs assert claims under 42 U.S.C. §1983 and the Texas wrongful death and survivorship statutes.

48. Plaintiffs, in their capacities as statutory heirs asserting survival claims on behalf of Byron Carter Jr. have incurred damages including, but not limited to, the following:

- physical pain and mental anguish suffered by Byron Carter Jr. prior to his death; and

- funeral and burial expenses.

49. Plaintiffs, in their individual capacities asserting wrongful death claims have incurred damages including, but not limited to, the following:

- past and future mental anguish; and

- past and future loss of companionship, society, services, and affection with their son and father.

- economic damages

## VII. ATTORNEYS' FEES

50. As it was necessary for Plaintiffs to hire the undersigned attorneys to file this lawsuit, Plaintiffs are entitled to an award of attorneys' fees and costs including, but not limited to, expert witness fees pursuant to 42 U.S.C. §1988(b) if they prevail.

51. In compliance with Rule 38, Federal Rules of Civil Procedure, Plaintiffs hereby notify all parties of Plaintiffs' demand to a jury trial and tender the appropriate fee.

## VIII. PRAYER FOR RELIEF

52. Plaintiffs hereby ask that Defendants be cited to appear and answer and that Plaintiffs be awarded judgment against Defendants for:

(a) compensatory damages;

(b) attorneys' fees, including expert fees, under 42 U.S.C. §1988;

(c) pre-judgment interest and post-judgment interest at the highest rate allowable under the law;

(d) all costs including, but not limited to, any expert fees; and

(e) all other relief in equity or in law to which Plaintiffs may be entitled.

Respectfully submitted,

By _____
ADAM LOEWY
State Bar No. 24041353
CARL R. BARRY
State Bar No. 24036192

**BARRY & LOEWY LLP**
401 Congress Avenue
Suite 1540
Austin, Texas 78701
Phone: (800) 892-5044
Fax: (512) 687-3441

**ATTORNEYS FOR PLAINTIFFS**